FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:22-CV-0185-ACE <br><br> ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT, WITHOUT PREJUDICE, AND CLOSING THE FILE |

**BEFORE THE COURT** is Plaintiff Robert S.'s (Plaintiff's) Amended Complaint, filed on September 14, 2022.  ECF No. 12.  Plaintiff is proceeding *pro se* and *in forma pauperis*.  The parties have consented to proceed before a magistrate judge.  ECF No. 6.

## LEGAL STANDARDS

**A. Screening Requirement**

This Court must screen complaints brought by litigants proceeding *in forma pauperis* and shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

ORDER - 1

from such relief." 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). However, a *pro se* plaintiff's complaint is to be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

ORDER - 2

**B. 42 U.S.C. § 405**

Sections 405(g) and (h) of the Social Security Act waive sovereign immunity in social security cases, providing for judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party." 42 U.S.C. § 405(g). The Social Security Administration regulations require claimants to complete a four-step administrative review process in order to obtain a judicially-reviewable final decision. That process consists of an initial determination, reconsideration, an administrative law judge decision and Appeals Council review. 20 C.F.R. §§ 404.900(a), 416.1400(a). A decision by the Commissioner is not considered "final" until the claimant has exhausted each of these steps. To obtain review, a civil action must be commenced "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

With respect to social security appeals, several courts in the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that he has exhausted h[is] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [he] became disabled. Fourth, the complaint must

ORDER - 3

contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citations omitted).

## DISCUSSION

The foregoing legal standards were provided by this Court in an August 31, 2022 order granting Plaintiff leave to file an amended complaint. *See* ECF No. 10. Plaintiff timely filed an amended complaint and continues to assert an entitlement to disability benefits that has been denied by the SSA. ECF No. 12.

A review of the Amended Complaint reveals Plaintiff alleges he sustained injuries in a December 29, 1987 employment related car accident. ECF No. 12 at 7-8. However, Plaintiff has not described the nature of his alleged disability nor specified when he allegedly became disabled. Moreover, although Plaintiff references a May 1994 Administrative Law Judge decision, he fails to mention a final decision of the Commissioner or whether this civil action was commenced within sixty days after notice of a final decision. Plaintiff has not demonstrated he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g). Finally, while the Amended Complaint shows Plaintiff claims he has been wrongfully denied disability benefits, Plaintiff has failed to identify the nature of his disagreement with an SSA determination or why he is entitled to relief.

ORDER - 4

Plaintiff was given an opportunity to file an amended complaint to clarify the basis of his claims, explain how he has exhausted his administrative remedies, and otherwise cure deficiencies noted in the original Complaint.  ECF No. 10.  The Court finds Plaintiff's Amended Complaint fails to cure the deficiencies of the original Complaint.  Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Amended Complaint, ECF No. 12, is **DISMISSED, WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order, mail a copy to the *pro se* Plaintiff, and **CLOSE THE FILE**.

DATED September 15, 2022.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5